Filed 12/10/21  P. v. Kashani CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078676 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCN236630, CN328963, CN332175) |
| MIRMASSOUD KASHANI, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Brad A. Weinreb, Judge.  Affirmed.

Mirmassoud Kashani, in pro. per.; and Jay Temple, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In order to avoid immigration consequences of his criminal convictions, Mirmassoud Kashani filed a motion under Penal Code[1] section 1473.7, subdivision (f) to vacate four felony convictions and three misdemeanor

---

1    All further statutory references are to the Penal Code.

convictions. After briefing and a hearing, the trial court found the motion untimely and lacking merit. Kashani appeals the denial of his motion.

In September 2010, Kashani pleaded guilty to one count of felony conspiracy (§ 182, subd. (a)(4)) and three counts of use of personal identifying information of another person (§ 530, subd. (a)) and admitted a special allegation under section 12022.6, subdivision (a)(2). He was sentenced to a stipulated term of four years in prison.

In 2014, Kashani pleaded guilty to misdemeanor violations of sections 484 and 490.5 in two separate cases. He was sentenced to time served.

In 2012, federal immigration authorities instituted removal proceedings. The removal order was entered in 2019 and affirmed in 2020.

In June 2020, Kashani, who has a law degree and passed the California bar, filed a motion to vacate his convictions under section 1473.7, contending he had ineffective assistance of counsel in his convictions and that he did not understand the adverse immigration consequences of his various guilty pleas.

After briefing and a hearing, the trial court denied Kashani's motion to vacate by written order. Kashani filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Kashani the opportunity to file his own brief on appeal. Kashani has responded with a lengthy brief which repeats the submissions he has previously made in the trial court. We will address his brief below.

STATEMENT OF FACTS

We will incorporate the statement of facts contained in appellant's opening brief for background information.

In ruling on Kashani's motion, the trial court first found that Kashani's motions were untimely. Specifically, removal proceedings were initiated against Kashani in 2012. Section 1473.7, which went into effect on January 1, 2017, states that motions be filed with "reasonable diligence." Kashani filed his motion approximately three and a half years after the statute went into effect.

The trial court also found that Kashani was aware of the immigration consequences when he entered his pleas. In so finding, the trial court cited to Kashani's law degree and passage of the California Bar exam, the time Kashani had between the filing of the complaint and pleading guilty to research and evaluate possible consequences of his plea in San Diego Superior Court case No. SCN236630 (case No. SCN236630), the fact that Kashani's attorney crossed out the word "may" and wrote "will" in the clause discussing deportation consequences on the change of plea form in case No. SCN236630, and the fact that even if Kashani's attorney in that case could have worded a safer factual basis, there is no indication that the People would have accepted the proposed changes in light of Kashani's criminal history and his conduct underlying the charges.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue which was considered in evaluating the

potential merits of this appeal:  Whether the trial court erred in denying Kashani's motions for relief under section 1473.7.

In his supplemental brief, Kashani argues the trial court was ignorant of the law that it applied to this case, or at least misunderstood the applicable burden of proof.  He also argues the three and a half years from the effective date of section 1473.7, subdivision (f) was not unreasonable.  He contends the affirmance of his appeal from the immigration ruling constituted a new adverse action and therefore rendered his filing timely.  We have carefully reviewed Kashani's supplemental brief.  It does not raise any arguable issues for reversal on appeal.

In addition, we have reviewed the entire record as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Kashani on this appeal.

DISPOSITION

The order denying Kashani's motion to vacate convictions under section 1473.7, subdivision (f) is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:



DATO, J.



GUERRERO, J.

4